UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/22

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY FUND,
CARPENTER CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK, and the NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS,

                    Petitioners,

              - against -

KAJA CUSTOM BUILDERS LLC a/k/a
KAJA CUSTOMER BUILDER LLC,

                    Respondent.

22 Civ. 171 (VM)

DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

    The four petitioners (1) Trustees of the New York City

District Council of Carpenters Pension Fund, Welfare Fund,

Annuity Fund, and Apprenticeship, Journeyman Retraining,

Educational and Industry Fund, (2) Trustees of the New York

City Carpenters Relief and Charity Fund, (3) Carpenter

Contractor Alliance of Metropolitan New York, and (4) New

York City District Council of Carpenters (collectively,

"Petitioners"), bring this action against Kaja Customer

Builders, Inc. ("Kaja") to confirm an arbitration award

("Award"). (See "Petition," Dkt. No. 1.) Now before the Court

1

is Petitioners' unopposed petition to confirm the Award. For the reasons discussed below, the Petition is **GRANTED**.

A court reviewing an arbitration award should confirm that award so long as the arbitrator "acted within the scope of his authority" and "the award draws its essence from the agreement." Local 1199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL-CIO v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir. 1992). Even where a Court may believe the arbitrator was incorrect, an award should be confirmed if the decision was within the scope of the arbitrator's authority. See, e.g., United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."); Abram Landau Real Estate v. Bevona, 123 F.3d 69, 74-75 (2d Cir. 1997) ("Even if a court is convinced the arbitrator's decision is incorrect, the decision should not be vacated so long as the arbitrator did not exceed the scope of his authority."). Generally, confirmation of an arbitration award is a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d

Cir. 1984)). Accordingly, the court "must grant the award
unless the award is vacated, modified, or corrected." Id.
(quotations omitted).

Here, the Court treats the unopposed motion as one for
summary judgment. See D.H. Blair, 462 F.3d at 109; see also
Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v.
Empire Masonry, LLC, No. 19 Civ. 1233, 2019 WL 11270457, at
*1 (S.D.N.Y. June 5, 2019) ("Because Respondent has failed to
appear or respond to the petition, the Court regards the
petition as an unopposed motion for summary judgment.").

Having reviewed the Petition, the memorandum of law in
support thereof, as well as the accompanying documents, the
Court is persuaded that the arbitrators acted within the scope
of their authority. The Court therefore will confirm the
Award. Likewise, the Court is persuaded that post-judgment
interest is warranted. See Trustees for the Mason Tenders
Dist. Council Welfare Fund v. Euston St. Servs., Inc., No. 15
Civ. 6628, 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016)
("Awards of post-judgment interest under § 1961 are
mandatory."); see also Cappiello v. ICD Publ'ns, Inc., 720
F.3d 109, 113 (2d Cir. 2013); Westinghouse Credit Corp. v.
D'Urso, 371 F.3d 96, 100-01 (2d Cir. 2004)).

The Court finds Petitioners' request for attorneys' fees
is proper based on their representations that Kaja has refused

to comply with the Award. See, e.g., Trustees of the N.Y.C
Dist. Council of Carpenters Pension Fund v. Coastal Env't
Grp., No. 16 Civ. 6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec.
16, 2016); Trustees of N.Y.C. Dist. Council of Carpenters
Pension Fund v. Jaidan Indus. Inc., No. 20 Civ. 7008, 2021 WL
4459231, at *3 (S.D.N.Y. Sept. 29, 2021) (finding courts "have
routinely awarded attorney[']s fees in cases where a party
merely refuses to abide by an arbitrator's award without
challenging or seeking to vacate it through a motion to the
court" (alteration in original)). Petitioners submitted a
record of its attorneys' fees and costs for this matter.
Petitioners' record reflects that counsel Nicole Marimon and
Maura Moosnick billed their time at a rate of $350 per hour
and $275 per hour, respectively. (See Petition ¶¶ 40-41; "Ex.
H," Dkt. No. 1-7.) Petitioners' counsel ultimately billed a
total of $1,432.50 for 5.1 hours of work. (See Petition ¶ 44;
Ex. H.) Petitioners also incurred $77 in costs and services
fees for this case. (See Petition ¶ 45.)

**ORDER**

For the foregoing reasons, it is hereby

**ORDERED**, the Petition (Dkt. No. 1) to confirm an arbitration award from Petitioners (1) Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, (2) the Trustees of the New York City Carpenters Relief and Charity Fund, (3) the Carpenter Contractor Alliance of Metropolitan New York, and (4) the New York City District Council of Carpenters (collectively "Petitioners") is **GRANTED**; and it is further

**ORDERED** that judgment be entered as follows: (a) Petitioners are awarded $124,019.01 plus interest from March 8, 2021 — the date of the arbitration award — through the date of the judgment at 5.25% per annum; (b) Petitioners are awarded post-judgment interest after judgment is entered, which shall be calculated at the statutory rate; and (c) Petitioners are awarded $1,432.50 in attorneys' fees and $77 in costs arising from the Petition.

**SO ORDERED.**

Dated:    March 31, 2022
          New York, New York

Victor Marrero
U.S.D.J.